UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00002-HBB

**NICHOLAS E.**[1]                                                                                           **PLAINTIFF**

**VS.**

**FRANK BISIGNANO, COMMISSIONER OF**
**SOCIAL SECURITY**                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### I.      BACKGROUND

Before the Court is the Complaint (DN 1) of Nicholas Edwards ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13, 14) and Defendant (DN 16) have filed a Fact and Law Summary. Plaintiff then filed a reply (DN 17). For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered March 11, 2025 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

## II. FINDINGS OF FACT

On January 19, 2022, Plaintiff protectively filed an application for Supplemental Security Income (Tr. 18, 221-22). Plaintiff alleged that he became disabled on December 15, 2019, as a result of chronic blood clots, severe breathing problems, depression, anxiety, and being overweight (Tr. 238). The application was denied initially on May 18, 2022 (Tr. 96-104), and upon reconsideration on September 10, 2022 (Tr. 105-14). On October 27, 2022, Plaintiff filed a request for hearing (Tr. 124). Administrative Law Judge Jennifer Thomas ("ALJ") conducted a telephonic hearing on October 17, 2023 (Tr. 18). Plaintiff, represented by counsel, and Ann Thomas, an impartial vocational expert participated (*Id.*).

In a decision dated January 29, 2024, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 18-28). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 19, 2022 (Tr. 20). At the second step, the ALJ determined that Plaintiff has the following severe impairments: major depressive disorder ("MDD"), post-traumatic stress disorder ("PTSD"), obesity, bilateral chronic DVT and pulmonary embolism, aortic valve disease, obstructive sleep apnea ("OSA"), and mitral valve disease (*Id.*). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in Appendix 1 (Tr. 20-22).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.967(b) except he can sit, stand, or walk thirty minutes at a time in an eight-hour workday; he can occasionally climb ramps and stairs; he can never climb ladders, ropes, and scaffolds; he can occasionally stoop, kneel, crouch, and crawl; he

must avoid moving mechanical parts and unprotected heights; he cannot tolerate temperature extremes; he can occasionally be exposed to concentrated atmospheric conditions; he can understand, remember, and carry out simple instructions; he can maintain concentration, persistence, and pace for performance of simple tasks; he can frequently interact with coworkers and supervisors; he can occasionally interact with the public; and he can adjust to occasional changes in simple work (Tr. 22). The ALJ determined that Plaintiff cannot return to any past, relevant work (Tr. 27).

At step five, the ALJ found that considering Plaintiff's RFC, age, education, and past work experience, Plaintiff can perform jobs as identified by the vocational expert that exist in significant numbers in the national economy (Tr. 27-28). Therefore, the ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act from January 19, 2022, through the date of the decision (Tr. 28).

Plaintiff filed a request for the Appeals Council to review the ALJ's decision (Tr. 218-20). The Appeals Council affirmed the ALJ's decision (Tr. 1-7).

### III.   CONCLUSIONS OF LAW

#### A.   Standard of Review

Court review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even

if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B.   The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 1381 et seq. The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the RFC to return to his or her past relevant work?
>
> 5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 416.920(a)(4)(i)-(v).

### C. Persuasiveness of Medical Opinions

*1. Arguments of the Parties*

Plaintiff contends that the ALJ failed to adequately evaluate the medical opinions of state agency consultants Dr. Daniel Meece and Dr. Kip Beard (DN 13 PageID # 954-63).[2] Specifically, Plaintiff avers that the ALJ did not explain how she considered supportability and consistency when evaluating the doctors' medical opinions that Plaintiff is capable of medium work as required under the regulations (*Id.* at PageID # 958-60). Plaintiff further believes that the ALJ failed to address pulmonary limitations opined by the doctors, thereby failing to address the supportability and consistency of the additional limitations (*Id.* at PageID # 958-61). Finally, Plaintiff asserts that harmless error is inapplicable here as remand is required (*Id.* at PageID # 962-63).

Defendant responds that remand is inappropriate because the ALJ sufficiently evaluated

---

[2] Plaintiff repeats his arguments from his brief in a separately filed "Fact and Law Summary" (DN 14) so the undersigned will only reference his brief rather than both as they are identical arguments.

the doctors' medical opinions (DN 16 PageID # 973-76). As to the pulmonary limitations, Defendant contends that the ALJ did address Plaintiff's pulmonary complaints in a "narrative discussion explaining how the evidence supported the environmental restrictions she included in the RFC" (*Id.* at PageID # 974-75). Lastly, Defendant avers that because the ALJ found at step five that Plaintiff could perform jobs involving light work—and the identified jobs involve no exposure to atmospheric conditions—that remand is not required (*Id.* at PageID # 975-76).

Plaintiff's reply essentially reiterates his same arguments (DN 17 PageID # 978-81). Plaintiff avers that Defendant's argument that the ALJ's finding at step five moots Plaintiff's challenge improperly "asks the Court to create the necessary logic bridge" (*Id.* at PageID # 979) (referencing DN 16 PageID # 975).

2. *Applicable Law*

The regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[3] in the record, even if it comes from a treating medical source. 20 C.F.R. § 416.920c(a). Instead, ALJs will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c)(1)-(5). Of these five factors, the two most important are supportability and consistency. 20 C.F.R. § 416.920c(a) and (b)(2). Further, the regulation requires ALJs to explain

---

3 At the initial and reconsideration levels state agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). ALJs "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2). Under the regulations ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2).

An ALJ will articulate how she considered the other factors in paragraphs (c)(3) through (c)(5) of the regulation when the ALJ finds that two or more medical opinions about the same issue are both equally well supported and consistent with the record but are not exactly the same. 20 C.F.R. § 416.920c(b)(3).

3. Discussion

The ALJ considered the medical opinions of both Dr. Meece and Dr. Beard and found them to be unpersuasive (Tr. 27). Plaintiff cites a specific paragraph of the ALJ's opinion to support his argument that the ALJ failed to adequately evaluate the supportability and consistency factor when determining the persuasiveness of Dr. Meece's and Dr. Beard's medical opinions (DN 13 PageID # 958) (citing Tr. 27). Rather than confining review to explicit language used (or omitted) by the ALJ, courts review the ALJ's opinion in its entirety. *See Vansickle v. Comm'r of Soc. Sec. Agency*, No. 5:23-CV-02229, 2025 U.S. Dist. LEXIS 60056, at *13 (N.D. Ohio Mar. 31, 2025) ("[A]n ALJ's failure to use the words 'supportability' and 'consistency' 'does not necessarily mean that the ALJ did not consider these factors.'").

The ALJ's opinion reads: "The prior medical findings by Dr. Meece and Dr. Beard placing the claimant at a range of medium work activity are not persuasive because they are unsupported by the entire medical evidence of record. (Exhibits 2A and 4A)." (Tr. 27). The ALJ made further findings:

> Daniel Meece, M.D. completed a "Residual Functional Capacity" on May 15, 2022. Specifically, Dr. Meece determined the claimant could lift and/or carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk about 6 hours in an 8-hour day, and sit about 6 hours in an 8-hour day due to body mass index of 41.35 and history of DVT. Dr. Meece indicated the claimant could occasionally climb ladders, ropes and scaffolds, and frequently climb ramps/stairs, stoop, kneel, crouch and crawl. He was unlimited in balancing. Dr. Meece indicated the claimant would have to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc., and would have to avoid even moderate exposure to hazards. He would have to avoid pulmonary irritants, avoid unprotected heights and dangerous moving machinery. (Exhibit 2A, pp. 4-6). On reconsideration dated September 8, 2022, Kip Beard, M.D. noted identical findings as Dr. Meece's opinion above with the added statement that the claimant must avoid all exposure as a precaution to fumes, odors, dusts, gases, poor ventilation, etc.; and avoid even moderate exposure to unprotected heights and dangerous moving machinery. (Exhibit 4A, pp. 4-6).

(Tr. 26). While the ALJ discusses the doctors' findings and cites evidence as to how the opinions are not persuasive because they are unsupported, the ALJ does not discuss the consistency factor (*See* Tr. 27). The ALJ's specific findings as to Dr. Meece's and Dr. Beard's reports merely summarize the doctors' reports without any evaluation (*See* Tr. 26). Even reading the opinion as a whole, there is little to be construed as evaluating consistency.

Having found that the ALJ's opinion did not comply with the regulations, the Court now must decide whether this error is harmless. "The Sixth Circuit has not addressed when, if ever, an ALJ's failure to analyze a medical opinion for supportability and consistency under 20 C.F.R. § 404.1520c(b)(2) can be excused harmless error." *Brooks v. Comm'r of Soc. Sec.*, No. 2:22-CV-158-JEM, 2024 U.S. Dist. LEXIS 39297, at *16 (E.D. Tenn. Mar. 6, 2024). However, "several other districts courts throughout the Sixth Circuit, have applied the harmless error test from *Wilson v. Commissioner of Social Security* as it was applied to the treating physician rule to violations of § 404.1520c(b)(2)." *Id.* The *Wilson* harmless error test provides that "when an ALJ's failure to meet the procedural requirements for the treating physician rule may have been harmless, including when the ALJ committed 'a *de minimis* violation' or when the Commissioner has met

8

the goal and purposes of the regulations, even though [the ALJ] had not complied with the terms of the regulations." *Sparks v. Kijakazi*, No. 2:21-CV-102-DCP, 2022 U.S. Dist. LEXIS 176139, at *33 (E.D. Tenn. Sep. 28, 2022) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)). Specifically, the "ALJ's failure to explain his consideration of the supportability and consistency factors when determining the persuasiveness of a medical opinion can only be excused as harmless error if: (1) the medical opinion is patently deficient, (2) the ALJ adopted the medical opinion or made findings consistent with the opinion, or (3) the goal of the regulation was otherwise met. *Lorraine R. v. Comm'r of Soc. Sec.*, No. 3:20-CV-00396, 2022 U.S. Dist. LEXIS 166503, at *14 (S.D. Ohio Sep. 14, 2022) (citing *Wilson*, 378 F.3d at 547).

Here, Dr. Meece's and Dr. Beard's medical opinions are not patently deficient. The second category does not apply here: both Dr. Meece and Dr. Beard opined that Plaintiff can perform medium work (Tr. 27). The ALJ's RFC found Plaintiff capable of light work—increasing his limitations beyond what Dr. Meece and Dr. Beard opined (Tr. 22). The third category does apply.

The third category considers if the ALJ's "explanation is sufficient to permit meaningful judicial review and enable the Claimant to understand why [the ALJ] determined [the doctor's medical opinion] was 'not particularly persuasive.'" *Cari A. H-R. v. O'Malley*, No. 3:23-CV-00678-RSE, 2025 U.S. Dist. LEXIS 35398, at *24 (W.D. Ky. Feb. 27, 2025). Here, the doctors' opinions determined that Plaintiff could perform more rigorous work than the ALJ determined. The rest of the ALJ's opinion explains why she determined that Plaintiff can perform light work—Plaintiff does not challenge the rest of the ALJ's RFC analysis—so Plaintiff can understand the ALJ's dismissal of the doctors' opinions (*See* Tr. 22-26). Furthermore, "[c]ourts generally will excuse an ALJ's procedural violation as harmless error unless it prejudices the claimant on the

9

merits or deprives him of substantial rights." *Lorraine R. v. Comm'r of Soc. Sec.*, No. 3:20-CV-00396, 2022 U.S. Dist. LEXIS 166503, at *10 (S.D. Ohio Sep. 14, 2022) (citation omitted). Had the ALJ found Dr. Meece's and Dr. Beard's opinions persuasive, the resulting RFC would have found Plaintiff capable of performing a *greater* range of work—hardly to Plaintiff's benefit.

Plaintiff's argument that the ALJ failed to address pulmonary restrictions opined by Dr. Meece and Dr. Beard meets the same fate (DN 13 PageID # 958-61). Dr. Beard added to Dr. Meece's opinion that Plaintiff should avoid any exposure to pulmonary irritants "as a precaution" (Tr. 109-11). The ALJ noted this finding (Tr. 26), but ultimately determined that Plaintiff can "occasionally be exposed to concentrated atmospheric conditions" (Tr. 22). When the ALJ failed to explain why she found Dr. Meece's and Dr. Beard's opinions unpersuasive, as discussed *supra*, this failure included all limitations opined by the doctors, so failing to analyze the pulmonary limitation specifically does not change the analysis. Having found the doctors' opinions to be unpersuasive, it is unsurprising that the ALJ did not adopt the specific pulmonary limitation opined by the "unpersuasive" opinion.

Plaintiff may point to this limitation as potentially prejudicial to him, but the ALJ discussed pulmonary restrictions in her opinion thus allowing Plaintiff to understand her rationale. The ALJ noted that while Plaintiff "testified to supplemental oxygen use" she "could not find a mention of supplemental oxygen in the medical evidence of record" (Tr. 24). The ALJ determined: "Pulmonary irritants are present. The residual functional capacity at light exertion includes a sit-stand option to accommodate the claimant's shortness of breath. He had no intrinsic lung disease, oxygen was at 98 percent, and he had normal pulmonary function tests and images as of July 2021. (Exhibit 4F, p. 11)." (*Id.*). This explanation sufficiently permits the court and Plaintiff to

understand the ALJ's rationale. Plaintiff suffers no prejudice because, as the Commissioner avers, the jobs identified at step five of the analysis of product assembler, hand packager, and product inspector do not involve any exposure to atmospheric conditions as defined in the DOT (DN 16 PageID # 975) (citing DOT 729.684-046 (product assembler), 920.687-026 (hand packager), 529.687-114 (product inspector)). Even if the ALJ erred by failing to adopt the pulmonary limitation in the RFC finding, such error is harmless because Plaintiff can perform work that exists in significant numbers in the economy that include no exposure to pulmonary irritants.

Finally, the ALJ's adoption of the vocational expert's testimony at step five does not require the court to improperly "create the necessary logic bridge" as Plaintiff contends (DN 17 PageID # 979). While the ALJ must sufficiently provide reasons and rationale that builds a logical bridge between the evidence and their determination, this pertains to the RFC finding. *Terhune v. Kijakazi*, No. 3:21-37-KKC, 2022 U.S. dist. LEXIS 130309, at *9 (E.D. Ky. July 22, 2022). The ALJ's reliance on the vocational expert's testimony, based on an RFC containing harmless error, does not violate this principle.

In sum, while the ALJ failed to adequately discuss consistency, the Plaintiff suffered no prejudice, nor is he deprived of a substantial right as the error is harmless. *See id.*

### D. Conclusion

In conclusion, because the ALJ's decision is supported by substantial evidence and any error is harmless, the undersigned defers to her determination. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## IV. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

July 21, 2025

Copies: Counsel